UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH JACQUET**<br>    **LA. DOC #118386**<br>**VS.** | **CIVIL ACTION NO. 6:11-cv-1586**<br><br>**SECTION P**<br><br>**JUDGE MELANÇON** |
| **WARDEN LYNN COOPER** | **MAGISTRATE JUDGE HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Joseph Jacquet filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 25, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Avoyelles Corrections Center, Cottonport, Louisiana where he is serving the 60-year hard labor sentence imposed on January 20, 1994 following his September 1993 conviction for armed robbery in Louisiana's Sixteenth Judicial District Court, St. Martin Parish. This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner was convicted of armed robbery on September 22, 1993; on January 20, 1994 he was sentenced to serve 60 years at hard labor.  His conviction and sentence were affirmed on direct appeal on February 19, 1997. *State of Louisiana v. Joseph Jacquet*, 96-1183 (La. App. 3 Cir. 2/19/1997), 688 So.2d 1337. He did not seek further direct review in the Louisiana Supreme Court.

He filed a petition for writ of *habeas corpus* in this Court on December 21, 1994; the petition

was dismissed without prejudice on May 2, 1995 because petitioner failed to exhaust state court remedies. *Jacquet v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:94-cv-2347. On October 2, 1995 he filed pleadings in this court that were ultimately construed as raising both civil rights and *habeas corpus* claims. The civil rights claims were dismissed as frivolous and the *habeas* claims were again dismissed without prejudice due to petitioner's failure to exhaust available state court remedies. *Jacquet v. Fuselier, et al.*, Civil Action No. 6:95-cv-1761.

In November 2008 he filed an application for post-conviction relief in the Sixteenth Judicial District Court. In this proceeding he asserted actual innocence and sought DNA testing pursuant to the provisions of La. C.Cr.P. art. 926.1. The State moved to dismiss the pleading as untimely (i.e. filed more than 3 years after petitioner's judgment of conviction and sentence became final) and thus barred by the provisions of La. C.Cr.P. art. 930.8; as successive and thus barred by the provisions of La. C.Cr.P. art. 930.4; and because the petitioner had not demonstrated that he was eligible for relief pursuant to La. C.Cr.P. art. 926.1. In asserting this last defense, the State argued, "In the case at bar, defendant has not stated specifically which items he seeks for DNA testing and how any prospective results would prove him 'factually innocent.' Defendant only implies that tests for gun powder residue were not conducted on the shirt alleged to have been worn by the armed robber. Any testing for gun residue would not then, or now, prove the defendant to be 'factually innocent' of the January 23, 1992 Armed Robbery." His application was ultimately rejected as untimely by the District Court on some unspecified date; by the Third Circuit Court of Appeals on November 5, 2009 (*State v. Joseph Jacquet*, No. KH 09-00648) and by the Louisiana Supreme Court on December 10, 2010 (*State of Louisiana ex rel. Joseph Jacquet v. State of Louisiana*, No. 2009-2677 (La. 12/10/2010), 51 So.3d 716). [See petitioner's state court pleadings filed in Civil Action No. 6:10-cv-

2

1931 at Doc. 1, 1-1, 1-2, and 1-3]

On December 10, 2008 he filed a hand-written *pro se* pleading invoking this Court's jurisdiction pursuant to 28 U.S.C. §2254. *Jacquet v. Warden, Avoyelles Correctional Center*, Civil Action No. 6:08-1935. Since the pleading did not conform to Local Rule 3.2, which mandates the use of a form supplied to prisoner's seeking *habeas* relief, and since petitioner failed to either pay the filing fee or file an application to proceed *in forma pauperis*, he was ordered to amend and to comply with the Court's rules. When he failed to do so in the time allotted, his pleading was ordered stricken on February 18, 2009. On January 19, 2011, he filed another hand-written pleading in this closed proceeding asking the Court to order Louisiana's Sixteenth Judicial District Court to order DNA testing. On January 21, 2011, United States Magistrate Judge C. Michael Hill denied his motion noting "... the instant Motion may not be considered in the context of this closed federal *habeas corpus* action." The Magistrate Judge further noted that "... this Court has no authority to order the Louisiana state courts to act." Finally, Magistrate Judge Hill noted, "... to the extent that petitioner seeks federal *habeas corpus* review of the denial of his DNA request by the state courts, he must do so by filing a separate proceeding, utilizing this Court's standardized approved form, accompanied by the appropriate filing fee or an application to proceed *in forma pauperis*." Civil Action 6:08-cv-1935 at Doc. 5. Petitioner appealed to the Fifth Circuit Court of Appeals and on July 8, 2011 the Fifth Circuit rejected the appeal noting, "Appellate courts do not have authority to review orders of the magistrate judge directly unless the parties consented to have the magistrate judge preside over the case and enter judgment... Lacking consent, the magistrate judge's rulings are reviewable only by appeal to the district court... Therefore, we are without jurisdiction over this appeal and it must be dismissed." *Jacquet v. Cooper*, No. 11-30465 filed in Civil Action 6:08-cv-

1935 at Doc. 15. Shortly thereafter, on July 18, 2011, petitioner filed another Motion to Order the Sixteenth Judicial District Court to order DNA testing. [Doc. 16] On July 21, 2011 the motion was again denied by Magistrate Judge Hill. [Doc. 17]

Meanwhile, on December 22, 2010 petitioner submitted a series of documents and pleadings associated with his state court conviction and his efforts to obtain post-conviction relief in the form of DNA testing. Again, this filing was deemed deficient since petitioner once again did not use the form required for state prisoners seeking *habeas corpus* relief and, because petitioner failed to pay the filing fee or submit a properly executed application to proceed *in forma pauperis*. He ultimately cured those deficiencies and on March 17, 2011, Magistrate Judge Hill authored a Report recommending dismissal of petitioner's *habeas* petition as time-barred by the provisions of 28 U.S.C. §2244(d). In that Report, Magistrate Judge Hill observed among other things, "On February 16, 2011, petitioner submitted the appropriate form. The form petition was accompanied by a hand-written letter dated March 8, 1994 from the petitioner to United States District Court Judge Frank J. Polozola of the United States District Court for the Middle District of Louisiana. [footnote omitted] In that letter, petitioner complained that the evidence was insufficient to support his armed robbery conviction, that he did not receive a fair trial, that felons were allowed to serve as jurors at his trial, and that the district attorney acted improperly." On April 11, 2011, Judge Melançon rejected petitioner's objections, adopted the Report and Recommendation, and ordered dismissal of the petition with prejudice as time-barred. Petitioner did not appeal. *Jacquet v. Warden*, Civil Action No. 6:10-cv-1931.

Instead, he filed the instant complaint on August 25, 2011. He argues a single claim for relief, "Petitioner filed post conviction relief – DNA and was denied. He is only asking that DNA

4

evidence be presented." [Doc. 1, §12] He prayed for "[e]mergency release [and] receive payment for mental anguish and stress [and] pain and suffering." [*Id*., p. 15][1]

### *Law and Analysis*

This is the fifth petition for writ of *habeas corpus* filed by this petitioner. His first petition was filed in this Court on December 21, 1994 and dismissed without prejudice on May 2, 1995 because petitioner failed to exhaust state court remedies. *Jacquet v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:94-cv-2347. He filed his second federal *habeas* petition on October 2, 1995 and in due course his claims were once again dismissed without prejudice due to petitioner's failure to exhaust available state court remedies. *Jacquet v. Fuselier, et al.*, Civil Action No. 6:95-cv-1761.

He filed his third petition on December 10, 2008. *Jacquet v. Warden, Avoyelles Correctional*

---

[1] Petitioner also filed several exhibits: (1) A letter "To whom this may concern" dated July 19, 2011 in which petitioner asserts that his attempts to obtain DNA testing and to prove his actual innocence have been denied by the Sixteenth Judicial District Court. This document bears the stamp of the United States Fifth Circuit Court of Appeals showing that it was received by that Court on July 25, 2011 [Doc. 1-2, p. 1]; (2) the November 2008 order of the Sixteenth Judicial District Court directing the State of Louisiana to respond to petitioner's October 14, 2008 application for post-conviction relief [Doc. 1-2, pp. 2-3]; (3) the State's December 8, 2008 Answer and Motion to Dismiss [Doc. 1-2, pp. 4-8]; (4) Minutes of Court dated March 15, 1993 and June 2, 1992 [Doc. 1-2, pp. 9-10]; (5) the Bill of Information dated May 26, 1992 charging petitioner with armed robbery [Doc. 1-2, p. 11]; (6) Notices of petitioner's applications to proceed in forma pauperis in unspecified litigation pending in the Sixteenth Judicial District Court dated January 26, 1995 and February 23, 1993 [Doc. 1-2, pp. 12-13]; (7) Minutes of Court dated June 1, 1993, March 1, 1993, January 8, 1993, May 10, 1993, January 11, 1993, April 20, 1993, September 28, 1992, and November 30, 1992 [Doc. 1-2, pp. 14-21]; (8) the January 5, 1995 letter and application from petitioner directed to the St. Martin Parish Clerk of Court and seeking *in forma pauperis* status [Doc. 1-2, pp. 22-24]; (9) the Assignments of Error submitted by petitioner's attorney on August 15, 1996 [Doc. 1-2, p. 25]; (10) a one page excerpt from some unidentified transcript along with a "Statement of Claim" in which petitioner avers that his arrest was illegal [Doc. 1-2, pp. 26-27]; and (11) the January 23, 1992 Booking Sheet showing petitioner's arrest on January 23, 1992 [Doc. 1-2, p. 28]

*Center*, Civil Action No. 6:08-1935. This action was ordered stricken on February 18, 2009 when petitioner failed to submit his petition on the appropriate forms as required by Local Rule 3.2 and because petitioner failed to either pay the filing fee or properly apply for *in forma pauperis* status. Thereafter, on January 19, 2011, he filed a pleading asking the Court to order Louisiana's Sixteenth Judicial District Court to conduct DNA testing; that motion was denied on January 21, 2011, and petitioner was instructed to file a separate proceeding, utilizing this Court's standardized form, accompanied by the appropriate filing fee or an application to proceed *in forma pauperis* should he desire to litigate the DNA issue. Civil Action 6:08-cv-1935 at Doc. 5. Petitioner appealed this order to the Fifth Circuit Court of Appeals and on July 8, 2011 the Fifth Circuit rejected the appeal noting that the Magistrate Judge's ruling was appealable to the District Court and not the Court of Appeals. *Jacquet v. Cooper*, No. 11-30465 filed in Civil Action 6:08-cv-1935 at Doc. 15. Then, on July 18, 2011, petitioner filed another Motion to Order the Sixteenth Judicial District Court to order DNA testing. [Doc. 16] On July 21, 2011 the motion was again denied and Magistrate Judge Hill ordered the Clerk of Court to refrain from accepting for filing any further pleadings submitted in the closed civil action under Docket Number 6:08-cv-1935. [Doc. 17]

      Petitioner filed his fourth petition on December 22, 2010; on March 17, 2011, the magistrate judge recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d). On April 11, 2011, the district court ordered dismissal of the petition with prejudice as time-barred. Petitioner did not appeal. *Jacquet v. Warden*, Civil Action No. 6:10-cv-1931.

      Petitioner filed this, his fifth petition for writ of *habeas corpus*, on August 25, 2011. He argues no specific claims or grounds for relief; instead, he seeks review of the State courts' denial of his requests for DNA testing as follows, "Petitioner filed post conviction relief – DNA and was

denied. He is only asking that DNA evidence be presented." [Doc. 1, §12] He prayed for "[e]mergency release [and] receive payment for mental anguish and stress [and] pain and suffering." [*Id.*, p. 15]

Petitioner is not attacking his 1993 conviction; nor is he attacking the hard labor sentence imposed in 1994 and his continued custody pursuant to the judgments of conviction and sentence. Instead, he is seeking review of judgments of the Sixteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court, all of which denied his request for DNA testing pursuant to La. C.Cr.P. art. 926.1. Notwithstanding the fact that this is his fifth petition for writ of *habeas corpus*, and notwithstanding the fact that at least one of his prior petitions was dismissed with prejudice as untimely, it does not appear that this petition is second or successive as that term is defined by the jurisprudence interpretative of 28 U.S.C. §2244(b) because here petitioner seeks review of the State's post-conviction judgment denying DNA testing, a claim that arose, if at all, after conviction and sentence. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009)("Later *habeas* petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later *habeas* petitions attacking distinct judgments, administration of an inmate's sentence, a defective *habeas* proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." (Footnotes and citations omitted))

Nevertheless, petitioner's claim that the Louisiana courts erroneously denied his request for post-conviction DNA testing pursuant to La.C.Cr.P. art. 926.1 is manifestly without merit and fails to state a claim for which relief may be granted for the following reasons.

First, it appears that this petitioner is arguing that the various State courts – the Sixteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court – misapplied Louisiana law. Such a claim is not cognizable in federal court. *Habeas corpus* relief, pursuant to either 28 U.S.C. §2241 or §2254 may be granted only to prisoners who are in custody in violation of the Constitution and laws of the United States; violations of state law[2] are not

---

[2] It should be noted in passing that petitioner has not even demonstrated a violation of La. C.Cr.P. art. 926.1(B) which provides in part –

"An application filed under the provisions of this Article shall comply with the provisions of Article 926 of this Code and shall allege all of the following:

(1) A factual explanation of why there is an articulable doubt, based on competent evidence whether or not introduced at trial, as to the guilt of the petitioner in that DNA testing will resolve the doubt and establish the innocence of the petitioner.

(2) The factual circumstances establishing the timeliness of the application.

(3) The identification of the particular evidence for which DNA testing is sought.

(4) That the applicant is factually innocent of the crime for which he was convicted, in the form of an affidavit signed by the petitioner under penalty of perjury.

C. In addition to any other reason established by legislation or jurisprudence, and whether based on the petition and answer or after contradictory hearing, the court shall dismiss any application filed pursuant to this Article unless it finds all of the following:

(1) There is an articulable doubt based on competent evidence, whether or not introduced at trial, as to the guilt of the petitioner and there is a reasonable likelihood that the requested DNA testing will resolve the doubt and establish the innocence of the petitioner. In making this finding the court shall evaluate and consider the evidentiary importance of the DNA sample to be tested.

(2) The application has been timely filed.

sufficient to warrant federal habeas corpus relief. 28 U.S.C. §§ 2241 and 2254; *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); see also *Hansbro v. Cain*, Civ. Action No. 04–2284, 2006 WL 3488729, at *7 (W.D.La. Oct.20, 2006) (Hornsby, M.J.) ("This court is not concerned with whether the state courts properly applied Article 926.1 because federal *habeas* relief does not lie for errors of state law.") (adopted by Stagg, J., on Dec. 1, 2006), certificate of appealability denied, No. 07–30007 (5th Cir. May 9, 2008).

Further, insofar as petitioner implies that this violation of Louisiana law amounts to the denial of a federally guaranteed Constitutional right – for example, rights guaranteed by the Due Process Clause of the Fourteenth Amendment – such argument is unavailing. Simply put, there is no federal constitutional right to post-conviction DNA testing. *See*, *e.g., McElhaney v. McKee*, No. 1:06-cv-900, 2007 WL 851664, at *1 (W.D.Mich. Mar.16, 2007); *Penley v. Director, TDCJ–CID*, Civ. Action No. 4:03-cv-301, 2006 WL 2504902, at *6 (E.D.Tex. July 11, 2006) (Bush, M.J.), adopted, 2006 WL 2505174 (E.D.Tex. Aug.28, 2006) (Schell, J.); Lang v. Dretke, No. 3:05-cv-1499-L, 2005 WL 2219234, at *2 n. 2 (N.D.Tex. Sept.8, 2005) (Sanderson, M.J.) (adopted on Sept. 29, 2005, by Lindsay, J.); *Figueroa v. Dretke*, Civ. Action No. 4:05-cv-074-Y, 2005 WL 1108109, at

---

(3) The evidence to be tested is available and in a condition that would permit DNA testing."

Among other things, petitioner has NEVER alleged nor DEMONSTRATED the existence of ANY biological evidence that could be tested and which could prove exculpatory. Throughout the proceedings in the Louisiana courts, and, indeed, in the various motions and petitions he has filed in this Court, petitioner has failed to identify the evidence he seeks to have tested. The evidence thus far provided suggests that the armed robbery that petitioner was convicted of was nothing other than the "stick up" of a convenience store. There is no indication that the perpetrator of this crime left biological evidence of any sort at the crime scene or elsewhere. Further, petitioner has not shown that his application was timely filed; indeed, petitioner's application for post-conviction relief was ultimately and correctly dismissed as untimely. Finally, other than self-serving and conclusory statements made in these proceedings, petitioner has never demonstrated that he is factually innocent of the crime in question.

*1 (N.D.Tex. May 5, 2005) (Bleil, M.J.), adopted, 2005 WL 1320143 (N.D.Tex. June 1, 2005) (Means, J.); *Shenouda v. Breslin*, No. 03-cv-5767, 2004 WL 1918805, at *6 (E.D.N.Y. Aug.27, 2004).

Additionally, claims of alleged errors in state post-conviction proceedings are not cognizable in federal *habeas corpus* proceedings. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995); see also *Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir.1999); *Turner v. Carlton*, No. 2:05-cv-102, 2008 WL 2169519, at *2 (E.D.Tenn. May 22, 2008); *Campbell v. Cain*, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n. 23 (E.D.La. Aug.15, 2007).

Finally, petitioner has implied, in this proceeding as well as in various other pleadings as noted above, that he is entitled to *habeas corpus* relief because he is actually innocent of the crime of conviction. However, "actual-innocence is not an independently cognizable federal *habeas* claim." *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir.2006) (emphasis in original), *cert. denied*, 550 U.S. 906, 127 S.Ct. 2099, 167 L.Ed.2d 817 (2007); see also *Perkins v. Quarterman*, 254 Fed. App'x 366, 374 (5th Cir.2007), *cert. denied*, 553 U.S. 1067, 128 S.Ct. 2503, 171 L.Ed.2d 791 (2008).

In short, petitioner has failed to state a claim for which relief may be granted and therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to

the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Thus done and signed at Lafayette, Louisiana this 23rd day of November, 2011.

_____
PAT\_\_
UNI\_\_